UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHN PHELPS, DOUGLAS ROMINE and JACOB WEBSTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CAUSE NO. |
| AUTO HANDLING CORPORATION, JACK COOPER TRANSPORT COMPANY, INC., AMERICAN INTERNATIONAL GROUP, INC., and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, by counsel, allege against Defendants as follows:

## PARTIES

1.      The Plaintiffs, John Phelps ("Phelps"), Douglas Romine ("Romine"), and Jacob Webster ("Webster"), are currently or were citizens of the State of Indiana and/or worked in Allen County, Indiana, at all times relevant to this Complaint.

2.      The Defendant, Jack Cooper Transport Company, Inc. ("Jack Cooper"), is a domestic for-profit corporation under the laws of the State of Indiana, which conducts business in Allen County, Indiana.

3.      The Defendant Auto Handling Corporation ("Auto Handling"), is a domestic for-profit corporation under the laws of the State of Indiana, which conducts business in Allen County, Indiana.

1

4. Collectively, Jack Cooper and Auto Handling, acted as joint employers at all times relevant to this Complaint. (For purposes of clarity throughout this Complaint Defendants Jack Cooper and Auto Handling will be identified jointly as "Jack Cooper".) Upon information and belief, Jack Cooper is contracted by and operates on the facility controlled by General Motors. Jack Cooper is in the business of transporting the final product (General Motors vehicles) to various locations across the country.

5. At all times relevant to this Complaint, Jack Cooper was the employer of the Plaintiffs and the Plaintiffs were employees of Jack Cooper for purposes of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4303(3) and (4).

6. Defendants American International Group ("AIG") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National") insure the Defendants for both management and professional liability. Both AIG and National are liable for the acts of their insureds, Jack Cooper.

7. The Plaintiffs herein assert their right to relief jointly and severally in that their claims arise out of related transactions and occurrences and arise out of the same questions of law in accordance with F.R.C.P. 20.

## JURISDICTION

8. This cause represents federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391. Jack Cooper resides in and is a citizen of this judicial district and all of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## CLAIMS OF JOHN PHELPS

10. Phelps incorporates paragraphs 1 through 10 herein.

11. Phelps is a former member of the United States Military from 2005 through 2018 when he was honorably discharged, serving two military tours, one of which was in Iraq. At all times relevant to this Complaint Phelps was a qualified employee in accordance with 38 U.S.C. § 4303(9).

12. Phelps' former military service and related disability did not pose an undue hardship on the Defendant as defined in 38 U.S.C. § 4303(15).

13. Phelps began his work with Jack Cooper in March 2014. After one month of temporary employment, Phelps was hired on full-time. Phelps had a positive working relationship with his supervisors until 2016, when Kevin Tumbleson ("Tumbleson") took over the position of Yard Superintendent.

14. In 2015, Phelps received a confirmed diagnosis of Post-Traumatic Stress Disorder ("PTSD") related to his service in the military.

15. Shortly after Tumbleson started his work with Jack Cooper he began questioning Phelps' doctor's notes for therapy and time off work. Tumbleson accused Phelps of faking his PTSD and instead staying at home to drink. Tumbleson told Phelps he had no way of knowing if the doctor's note was real and accused Phelps and the other Plaintiffs of being "cry babies" that think they can get away with anything. Tumbleson also indicated that the Plaintiffs are faking their PTSD because his father was in the military and he is fine.

16. Phelps requested and was finally approved for leave pursuant to the Family Medical Leave Act ("FMLA") due to his serious medical condition related to his military service. Brad Atcheson ("Atcheson") another supervisor at Jack Cooper consistently

reprimands Phelps and the other Plaintiffs for taking time off to see their physicians and/or attend to their serious health condition – all related to their service in the military. Tumbleson and Atcheson complain that Phelps and the other Plaintiffs don't provide enough notice when they are going to miss work. Unfortunately, due to the nature of their serious health condition, they are not always aware prior to work that they will be unable to work. However, Jack Cooper has a system wherein they have temporary employees on standby at all times to cover shifts of the full-time employees.

17. After being approved for FMLA by the third party carrier, Phelps FMLA was declined by the company. Phelps went through a series of unnecessary obstacles to have his FMLA reinstated.

18. Phelps has been subjected to ongoing comments, jokes and harassment from management regarding his service-related disability and need for occasional time off work including comments like, "you are going to be the cause of this company's failure" and "rights as a disabled veteran are superseded by the collective bargaining agreement." In addition, Phelps was not afforded the right to come to work after a scheduled appointment, when similarly-situated co-workers that did not exercise their rights to FMLA and did not have a service-related disability were permitted to take time off early or late in their shift and work the remainder of their shift. The ongoing harassment when exercising his rights to FMLA gave Phelps increased anxiety and emotional distress any time he needed to take time off, causing his need for additional time off work.

## USERRA

19. Plaintiff incorporates paragraphs 10 through 18 herein.

20. Plaintiff asserts that Defendants' discriminatory and retaliatory actions against Plaintiff due to his military service and related disability are violations of USERRA 38 U.S.C. § 4311.

21. Plaintiff further asserts that he was subjected to a hostile work environment due to his military service and related disability in violation of USERRA.

22. The Defendants' unlawful, discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the USERRA, entitling the Plaintiff to back pay, liquidated damages, emotional distress and punitive damages (where available) and reasonable attorney fees and costs.

## **FMLA**

23. Plaintiff incorporates paragraphs 10 through 18 herein.

24. Plaintiff asserts that Defendants' discriminatory and retaliatory actions against Plaintiff were intended to interfere with access to FMLA leave and in retaliation for exercising his rights to the FMLA causing Plaintiff to take unnecessary time off work and incur lost wages and benefits.

25. The Defendants' unlawful, discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the FMLA, entitling the Plaintiff to back pay, liquidated damages, and reasonable attorney fees and costs.

## CLAIMS OF DOUGLAS ROMINE

26. Romine incorporates paragraphs 1 through 10 herein.

27. Romine is a former member of the United States Marines and National Guard, ultimately serving two separate tours in Iraq and a third in Afghanistan. Romine received an honorable discharge from the Marines. At all times relevant to this Complaint Romine was a qualified employee in accordance with 38 U.S.C. § 4303(9).

28. Romine's former military service and related disability did not pose an undue hardship on the Defendants as defined in 38 U.S.C. § 4303(15).

29. Romine began his work with Jack Cooper originally in 2006 when Jack Cooper was owned by a different entity. Romine was deployed in 2008 and returned in 2009 when he was placed in a position as a temporary employee, quickly being hired back in as a full-time employee.

30. Romine worked without issue until his PTSD became overwhelming in late 2017/early 2018. Romine received his formal diagnosis of PTSD in late 2018. Romine requested time off work to tend to his service-related disability and serious health condition, but was repeatedly denied by Tumbleson. Tumbleson claimed he couldn't allow Romine to have periodic time off work.

31. A new supervisor, Justin, was upset by the manner in which Tumbleson was handling Romine's request for time off. Justin told Romine that he respected his service to the United States of America and would try to resolve the issue. During a meeting with Tumbleson and Justin on February 24, 2019, Justin expressed his frustration with Tumbleson. Justin called

6

Human Resources to determine if Tumbleson was handling the matter correctly. Nothing changed.

32.     Romine attempted to call the purported hotline for complaints that was posted in Jack Cooper's break room. However, a recording answered stating that it was an old number and to call a new number. When calling the new number, a recording answered stating that the messages left on that line are not checked.

33.     On May 21, 2019, a supervisor named Tommy attempted to fire Romine. Romine called management and was finally put in touch with Terry Vasko of Human Resources. Romine explained that he had been asking for time off work related to his PTSD but Tumbleson refused to assist him. Shortly after the phone call, Tumbleson repeatedly called Romine and then personally delivered disability accommodation paperwork to Romine.

34.     Tumbleson told Romine that his (Tumbleson's) dad was in the military and Tumbleson thought that Jack Cooper employees with service-related disabilities were lying and trying to take advantage of the system because his dad didn't have any problems. Romine was also subjected to snarky remarks from Atcheson including mocking him for taking time off work for his service-related disability.

35.     To date, in spite of Romine's repeated requests for time off work, he has not been offered FMLA and has repeatedly been written-up and reprimanded for taking time off work to tend to his service-related disability/serious health condition.

## USERRA

36.     Plaintiff incorporates paragraphs 26 through 35 herein.

37. Plaintiff asserts that Defendants' discriminatory and retaliatory actions against Plaintiff due to his military service and related disability are violations of USERRA 38 U.S.C. § 4311.

38. Plaintiff further asserts that he was subjected to a hostile work environment due to his military service and related disability in violation of USERRA.

39. The Defendants' unlawful, discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the USERRA, entitling the Plaintiff to back pay, liquidated damages, emotional distress and punitive damages (where available) and reasonable attorney fees and costs.

## FMLA

40. Plaintiff incorporates paragraphs 26 through 35 herein.

41. Plaintiff asserts that Defendants' failed to perform their affirmative duty to offer him FMLA when he requested time off work to attend to his serious health condition and instead interfered with his access to FMLA leave Plaintiff to take unapproved time off work and additional time off work to tend to the added emotional distress caused by Defendants, resulting in wage loss and loss of benefits.

42. The Defendants' unlawful, discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the FMLA, entitling the Plaintiff to back pay, liquidated damages, and reasonable attorney fees and costs.

## CLAIMS OF JACOB WEBSTER

43. Webster incorporates paragraphs 1 through 10 herein.

44. Webster is a former member of the United States Military, serving from 2007 through 2013, including a tout in Iraq. Webster received an honorable discharge in 2013. At all times relevant to this Complaint Webster was a qualified employee in accordance with 38 U.S.C. § 4303(9).

45. Webster's former military service and related disability did not pose an undue hardship on the Defendant as defined in 38 U.S.C. § 4303(15).

46. Webster began his work with Jack Cooper originally in 2014 as a temporary employee and became a full-time employee within ten months.

47. Webster worked without issue until his PTSD became overwhelming in late 2018. Webster received his formal diagnosis of PTSD in September 2018.

48. Webster applied for and was granted FMLA. However, after his FMLA approval, Tumbleson and Atcheson quickly starting retaliating against and harassing Webster.

49. Every time Webster would call into work to use his FMLA, Atcheson would say things like, "People like you are going to ruin this yard for us." In one instance, Webster called in and Atcheson told him that Webster just made Atcheson twenty dollars, because they were taking bets in the office that Webster would call in.

50. In other instances when Webster would arrive at work Atcheson would make comments like "Ah, you made it!" Once, Webster arrived to work and the supervisors collectively started laughing and clapping at him while Atcheson held his phone up saying he was putting it on SnapChat to show that Webster showed up.

51. During November 2018, Webster asked Tumbleson if he could switch to second shift, Tumbleson replied by stating "I need somebody that is going to work it", indicating that Webster doesn't come to work because he uses FMLA for service-related disability/serious health condition.

**USERRA**

52. Plaintiff incorporates paragraphs 43 through 51 herein.

53. Plaintiff asserts that Defendants' discriminatory and retaliatory actions against Plaintiff due to his military service and related disability are violations of USERRA 38 U.S.C. § 4311.

54. Plaintiff further asserts that he was subjected to a hostile work environment due to his military service and related disability in violation of USERRA.

55. The Defendants' unlawful, discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the USERRA, entitling the Plaintiff to back pay, liquidated damages, emotional distress and punitive damages (where available) and reasonable attorney fees and costs.

**FMLA**

56. Plaintiff incorporates paragraphs 43 through 51 herein.

57. Plaintiff asserts that Defendants' discriminatory and retaliatory actions against Plaintiff were intended to interfere with access to FMLA leave and in retaliation for exercising his rights to the FMLA causing Plaintiff to take unnecessary time off work and incur lost wages and benefits.

58. The Defendants' unlawful, discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the FMLA, entitling the Plaintiff to back pay, liquidated damages, and reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays that this Court will enter judgment against Defendants and grant the following relief:

59. Declaratory relief;

60. Back pay from the date of his termination to the date of reinstatement;

61. Lost employee benefits or other economic damages directly related to the Defendant's unlawful conduct;

62. Liquidated damages;

63. Prejudgment interest;

64. Costs and attorney fees and other costs related to this action; and

65. All other relied available to him at law or in equity.


Respectfully Submitted,


/s/Rachel J. Guin-Lowry
Rachel J. Guin-Lowry, #31722-02
FLETCHER VANGILDER LLP
436 E. Wayne Street
Fort Wayne, Indiana 46802
Telephone: (260) 425-9777
Facsimile: (260) 424-9177
guin@fvglaw.com

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 13th day of December 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record.

/s/Rachel J. Guin-Lowry